# SUPREME COURT OF THE UNITED STATES

## GARCO CONSTRUCTION, INC. *v.* ROBERT M. SPEER, ACTING SECRETARY OF THE ARMY

### ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

No. 17–225.   Decided March 19, 2018

The petition for a writ of certiorari is denied.

JUSTICE THOMAS, with whom JUSTICE GORSUCH joins, dissenting from the denial of certiorari.

Petitioner Garco Construction, Inc. (Garco), had a contract with the Army Corps of Engineers to build housing units on Malmstrom Air Force Base.  As part of its contract, Garco agreed to comply with all base access policies. After construction began, the base denied access to certain employees of Garco's subcontractor.  Although the text of the base's access policy required only a "wants and warrants" check, App. to Pet. for Cert. 105a, the base clarified that the policy also required background checks and excluded many individuals with criminal histories—even if those individuals did not have any wants or warrants. Garco's request for an equitable adjustment of the contract was denied, and the Armed Services Board of Contract Appeals denied Garco's appeal.  The Court of Appeals for the Federal Circuit affirmed.  Despite acknowledging "some merit" to Garco's argument that "'wants and warrants'" means only wants and warrants, the Federal Circuit deferred to the base's interpretation of its access policy under *Auer* v. *Robbins*, 519 U. S. 452 (1997).  856 F. 3d 938, 943 (2017).

Garco filed a petition for certiorari, asking whether this Court's decisions in *Auer, supra*, and *Bowles* v. *Seminole Rock & Sand Co.*, 325 U. S. 410 (1945), should be overruled.  I would have granted certiorari to address that

question.

*Seminole Rock* and *Auer* require courts to give "controlling weight" to an agency's interpretation of its own regulations. *Seminole Rock*, *supra*, at 414; accord, *Auer*, *supra*, at 461. To qualify, an agency's interpretation need not be "the best" reading of the regulation. *Decker* v. *Northwest Environmental Defense Center*, 568 U. S. 597, 613 (2013). It need only be a reading that is not "plainly erroneous or inconsistent with the regulation." *Ibid.* (internal quotation marks omitted). Although *Seminole Rock* deference was initially applied exclusively "in the price control context and only to official agency interpretations," Knudsen & Wildermuth, Unearthing the Lost History of *Seminole Rock*, 65 Emory L. J. 47, 52–53 (2015), this Court has since expanded it to many contexts and to informal interpretations. See *id.,* at 52–53, 68–77, 86–92 (2015); *Perez* v. *Mortgage Bankers Assn.*, 575 U. S. \_\_\_, \_\_\_–\_\_\_ (2015) (THOMAS, J., concurring in judgment) (slip op., at 3–4).

*Seminole Rock* deference is constitutionally suspect. See *Mortgage Bankers*, 575 U. S., at \_\_\_–\_\_\_ (slip op., at 8–16). It transfers "the judge's exercise of interpretive judgment to the agency," which is "not properly constituted to exercise the judicial power." *Id.,* at \_\_\_ (slip op., at 13). It also undermines "the judicial 'check' on the political branches" by ceding the courts' authority to independently interpret and apply legal texts. *Id.,* at \_\_\_ (slip op., at 14). And it results in an "accumulation of governmental powers" by allowing the same agency that promulgated a regulation to "change the meaning" of that regulation "at [its] discretion." *Id.,* at \_\_\_ (slip op., at 16). This Court has never "put forward a persuasive justification" for *Seminole Rock* deference. *Decker*, *supra*, at 617 (Scalia, J. concurring in part and dissenting in part); see also *Mortgage Bankers*, *supra*, at \_\_\_–\_\_\_ (opinion of THOMAS, J.) (slip op., at 18–23) (explaining why each of the proffered explanations for the doctrine is unpersuasive).

By all accounts, *Seminole Rock* deference is "on its last gasp." *United Student Aid Funds, Inc.* v. *Bible*, 578 U. S. \_\_\_, \_\_\_ (2016) (THOMAS, J., dissenting from denial of certiorari) (slip op., at 1). Several Members of this Court have said that it merits reconsideration in an appropriate case. See, *e.g., Mortgage Bankers*, 575 U. S., at \_\_\_–\_\_\_ (ALITO, J., concurring in part and concurring in judgment) (slip op., at 1–2); *id.,* at \_\_\_ (opinion of THOMAS, J.) (slip op., at 23); *Decker, supra*, at 615–616 (ROBERTS, C. J., concurring). Even the author of *Auer* came to doubt its correctness. See *Mortgage Bankers, supra*, at \_\_\_–\_\_\_ (Scalia, J., concurring in judgment) (slip op., at 2–5); *Decker, supra*, at 616–621 (opinion of Scalia, J.); *Talk America, Inc.* v. *Michigan Bell Telephone Co.*, 564 U. S. 50, 68–69 (2011) (Scalia, J., concurring).

This would have been an ideal case to reconsider *Seminole Rock* deference, as it illustrates the problems that the doctrine creates. While Garco was performing its obligations under the contract, the base adopted an interpretation of its access policy that read "wants and warrants" to include "wants or warrants, sex offenders, violent offenders, those who are on probation, and those who are in a pre-release program." App. to Pet. for Cert. 60a. The Federal Circuit deferred to that textually dubious interpretation. 856 F. 3d, at 945. Thus, an agency was able to unilaterally modify a contract by issuing a new " 'clarification' with retroactive effect." *Decker, supra*, at 620 (opinion of Scalia, J.). This type of conduct "frustrates the notice and predictability purposes of rulemaking, and promotes arbitrary government." *Talk America, supra*, at 69 (opinion of Scalia, J.).

True, the agency here is part of the military, and the military receives substantial deference on matters of policy. See *Orloff* v. *Willoughby*, 345 U. S. 83, 94 (1953). But nothing about the military context of this case affects the legitimacy of *Seminole Rock* deference. "The proper

question faced by courts in interpreting a regulation is . . . what the regulation *means*." *Mortgage Bankers*, 575 U. S., at ___ (opinion of THOMAS, J.) (slip op., at 18) (emphasis added). While the military is far better equipped than the courts to decide matters of tactics and security, it is no better equipped to read legal texts. Pointing to the military's policy expertise "misidentifies the relevant inquiry." *Ibid.*

Because this Court has passed up another opportunity to remedy "precisely the accumulation of governmental powers that the Framers warned against," *id.,* at ___ (slip op., at 16), I respectfully dissent from the denial of certiorari.